**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CHARLES WAYNE JONES,

Petitioner,

v.

JANINE WALLACE, Director, DSH-C,

Respondent.

No. 2:25-cv-09800-HDV-ACCV

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge construing the Petition as brought under 28 U.S.C. § 2254 and recommending that the Petition be dismissed because it is unexhausted and untimely. The Court has engaged in de novo review of those portions of the Report and Recommendation to which Petitioner and Respondent have objected. Except as noted below, the objections are overruled and the Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner contends that his claims are properly brought as originally filed under 28 U.S.C. § 2241, and therefore he is not required to exhaust his claims in state court and is not subject to AEDPA's statute of limitations. (Electronic Filing No. ("ECF")

38 at 1-2, 6, 8-10).[1] Although Petitioner was declared a sexually violent predator ("SVP") under California law and ordered "committed to the custody of the California State Department of Mental Health" for an indeterminate term in 2010 (see Lodged Doc. 3 (ECF 27-2 at 1-2 (Los Angeles County Superior Court order of commitment following a court trial under the SVP Act, Cal. Welf. & Inst. Code § 6600 et seq.); see also Welf. & Inst. Code §§ 6604, 6604.1 (providing that SVPs are to be committed to indeterminate terms)), Petitioner suggests he is "confined" without a valid state court judgment because of asserted defects with his commitment proceedings. (ECF 38 at 2-11).

As the Magistrate Judges who have considered whether the Petition is properly brought under Section 2241 or Section 2254 have explained (see ECF 6 (order denying Petitioner's motion to recharacterize the Petition as being brought under § 2241 rather than § 2254); ECF 32 at 5), Petitioner is challenging the basis for his confinement which is pursuant to a civil judgment under the SVP Act. See ECF 1 at 1-2, 5, 7, 9-21; ECF 30 at 3-4, 7, 9, 11-23. That Petitioner alleges the state court judgment is invalid does not change the fact that he is in custody pursuant to a state court judgment.

"Section 2241 provides a general grant of habeas authority that is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment, such as a defendant in pretrial detention." Bean v. Matteucci, 986 F.3d 1128, 1131 (9th Cir. 2021). If Petitioner's commitment proceedings were ongoing without a judgment having been entered, a Section 2241 petition arguably would be appropriate. Here, however, the Los Angeles County Superior Court ordered Petitioner civilly committed (ECF 27-2), and the California Court of Appeal affirmed the commitment order and judgment. See Lodged Doc. 1 (ECF 21-1 at 2, 18). Accordingly, Petitioner's current commitment is pursuant to a state court judgment such that Section 2241 does

[1] The Court herein refers to the pleadings by their ECF page numbers.

not apply; any habeas petition is properly brought under Section 2254. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("It is well established that detainees under an involuntary civil commitment scheme such as the [SVP Act] may use a § 2254 habeas petition to challenge a term of confinement.") (citation omitted).

The Court notes that when the Court of Appeal affirmed Petitioner's commitment order, the Court of Appeal also remanded the matter to the Superior Court for reconsideration of Petitioner's equal protection claim concerning his indeterminate commitment under the SVP Act in light of People v. McKee, 47 Cal. 4th 1172, 1208-11 (2010) (holding that the SVP Act as amended to require indeterminate commitments potentially violated equal protection, but remanding to the trial court to allow the state an opportunity to show constitutional justification for why SVPs, unlike others civilly committed, are subject to indefinite commitment "based on a reasonable perception of the unique dangers that SVP's pose"). (ECF 21-1 at 17-18). The Court of Appeal ordered the trial court to suspend proceedings on remand in Petitioner's case until the proceedings in McKee became final. (ECF 21-1 at 18). McKee became final some later in 2012, after the California Court of Appeal held on remand that the disparate treatment of SVPs in requiring indeterminate commitments did not violate equal protection. See People v. McKee 207 Cal. App. 4th 1325 (Cal. Ct. App. 2012), review denied, (Cal. Oct. 10, 2012).

According to Respondent's objections, the Superior Court in Petitioner's case failed to hold a remand hearing on Petitioner's equal protection claim after proceedings in McKee became final. See ECF 34 at 4-5. Superior Court proceedings concerning Petitioner's equal protection claim were started in 2026 and are pending. See id. Although Petitioner's equal protection claim concerning his term of commitment is not yet finally decided, the pendency of that claim does not alter the fact that Petitioner is in custody pursuant to a state court judgment for Section 2254 to apply. Compare Stow v. Murashige, 389 F.3d 880, 886-88 (9th Cir. 2004) (finding prisoner's habeas petition was properly brought under Section 2241, where state

appellate court reversed prisoner's conviction and remanded for further proceedings; prisoner then was no longer in custody pursuant to a state court judgment but rather was in custody pending retrial); People v. Buckhalter, 26 Cal. 4th 20, 34 (2001) (holding that when there is an appellate remand solely for correction of a sentence already in progress, a "defendant's temporary removal from state prison to county jail as a consequence of the remand did not transform him from state prisoner to a local presentence detainee").

Petitioner raises only one apparent objection regarding the Magistrate Judge's exhaustion analysis. Petitioner notes that the "[e]xhaustion requirement does not apply when State remedies are unavailable or inadequate." See ECF 38 at 4 (purporting to quote from Engle v. Isaac, 456 U.S. 107 (1982), which contains no such quote). "A petitioner may satisfy the exhaustion requirement either by providing the highest state court with an opportunity to rule on the merits of his federal claims or by showing that at the time the petitioner filed a habeas petition in federal court, he had no remedies available and had not deliberately bypassed them." McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986); see also 28 U.S.C. § 2254(b)(1)(B)(ii)-(iii) (providing that an unexhausted habeas petition may not be granted unless it appears that there is an "absence of available State corrective process," or such process is "ineffective to protect the rights of the applicant"). Petitioner has not shown that state court remedies are unavailable or inadequate to excuse his failure to exhaust.

Petitioner appears to suggest that the delay in the Superior Court hearing his equal protection claim on remand from the Court of Appeal, where Petitioner's "suspended documents have been lost," somehow renders state court remedies unavailable for his current claims. (ECF 38 at 6, 8). As the Magistrate Judge found (ECF 32 at 5-7), none of Petitioner's claims raised in the Petition in these proceedings (versus those he raised on direct appeal) have been fairly presented to the California Supreme Court to exhaust those claims. See Lodged Doc. 7 (ECF 27-6) (Petitioner's petition for review filed with the California Supreme Court). The fact that Petitioner's

equal protection claim is still pending does not prevent Petitioner from presenting his current claims (which do not concern his commitment term) to the state courts. The Petition is unexhausted and Petitioner has not shown that remedies are unavailable or inadequate for his current claims.

Petitioner has not objected to the Magistrate Judge's timeliness analysis. Nor has he alleged that he is entitled to a later triggering date for 28 U.S.C. § 2244(d)(1)'s statute of limitations, or made any argument suggesting he is entitled to equitable tolling, or alleged any facts credibly suggesting he is not an SVP as might possibly render the Petition timely, despite the Magistrate Judge identifying these issues for Petitioner. In his Petitions, Petitioner alleged "recent discoveries directly effecting [sic] current confinement," and claimed in part that the People of the State of California had no record of existence when he was committed in 2010. (ECF 1 at 7, 9-14; ECF 30 at 9, 11-16). Petitioner attached copies of California Secretary of State records requested in March of 2024 and issued/verified on March 14, 2024, concerning "People of the State of California LLC," suggesting that entity was formed in 2021. (ECF 1 at 23-26; ECF 30 at 25-33).[2] Assuming, arguendo, Petitioner might claim a later statute of limitations triggering date under 28 U.S.C. § 2244(d)(1)(D) for when Petitioner received the California Secretary of State records, the Petition would still be untimely. If the statute of limitations commenced to run on March 15, 2024 (or at any point in March of 2024), absent tolling it would have expired on March 14, 2025 (or in March of 2025). Petitioner has not shown he is entitled to statutory or equitable tolling. The Petition was filed on June 23, 2025—three months later after

[2] The People of the State of California is simply the state acting in its own sovereign, prosecutorial capacity. It is not a corporation that must be registered with the Secretary of State. See, e.g., Pacheco v. Wallace, 2025 WL 3767788, at *3 (C.D. Cal. Nov. 25, 2025), report and recommendation adopted, 2025 WL 3765143 (C.D. Cal. Dec. 22, 2025) (finding meritless argument that the People of the State of California is a nonexistent entity that lacked jurisdiction over civil commitment proceedings based on a Secretary of State records search; collecting other district court cases so finding).

the statute of limitations would have run. The Petition is untimely.

Respondent objects to the Magistrate Judge's recommendation that the Petition be dismissed without prejudice since the Petition is untimely. See ECF 34 at 3-4 (citing, inter alia, Jiminez v. Rice, 276 F.3d 478, 483 (9th Cir. 2001) (finding dismissal with prejudice of untimely habeas petition was appropriate)). Because it appears that Petitioner can allege no set of facts to render the Petition timely, the Court agrees that dismissal with prejudice is appropriate.

**ORDER**

IT IS THEREFORE ORDERED that the Petition be DENIED and that Judgment be entered dismissing this action with prejudice.

DATED: 09/23/26

HON. HERNAN D. VERA
United States District Judge